UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Hialeah Aluminum Supply, Inc.,<br><br>                    Plaintiff,<br><br>         v.<br><br>United States,<br><br>                    Defendant. | Court No. 21-00207 |

## COMPLAINT

Plaintiff Hialeah Aluminum Supply, Inc. ("Hialeah"), by its undersigned counsel, hereby brings this civil action and alleges the following against the United States, acting by and through U.S. Customs and Border Protection ("CBP"):

## CONTESTED DETERMINATION

1. This action is an appeal from CBP's final affirmative determination of evasion of the antidumping order A-570-967 and countervailing duty order C-570-968, covering aluminum extrusions from the People's Republic of China ("PRC"). CBP published the final affirmative determination of evasion on March 18, 2021. *See* Admin. Review Determination in EAPA Case No. 7348, CBP Office of Trade Regulations & Rulings ("ORR") (Mar. 18, 2021) ("*March 18, 2021 Decision*").

## JURISDICTION

2. This action is brought pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"), to contest CBP's *March 18 Decision*. *See* 19 U.S.C. § 1517 (g).

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

## STANDING

4. Hialeah is a U.S. importer of aluminum extrusions subject to CBP's evasion investigation and therefore has standing to bring this action in accordance with 19 U.S.C. § 1517(g)(1).

5. As a result of CBP's determination of evasion, Plaintiff is subject to antidumping duties and countervailing duties, and is therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedure Act, as amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS

6. CBP's ORR completed its administrative review and issued its final affirmative determination of evasion on March 18, 2021.

7. Plaintiff is commencing this action with the concurrent filing of a summons and complaint within 30 business days of March 18, 2021 in accordance with 19 U.S.C. § 1517(g)(1).

## STATEMENT OF FACTS.

8. On May 26, 2011, the U.S. Department of Commerce issued an antidumping and countervailing duty order covering aluminum extrusions from the PRC. *See Aluminum Extrusions from the People's Republic of China*: *Antidumping Duty Order*, 76 Fed. Reg. 30650 (May 26, 2011); *Countervailing Duty Order*, 76 Fed. Reg. 30653 (May 26, 2011).

9. On July 11, 2019, Ta Chen International Inc. ("Ta Chen") filed an allegation with CBP that Hialeah was transshipping Chinese-origin aluminum extrusions through the Dominican Republic ("DR") in order to avoid paying the antidumping and countervailing duties. On the same date, Ta Chen filed similar or identical allegations with respect to several other U.S. importers.

10. On July 31, 2019, prior to initiating an investigation, or even acknowledging receipt of an allegation, CBP conducted a site visit of the manufacturer of aluminum extrusions in the Dominican Republic, Kingtom Alumino SRL ("Kingtom"). CBP has never provided a full and complete copy of its report from this site visit, but rather has selectively described portions of its report from this site visit in its various decisions.

11. On August 22, 2019, Ta Chen filed supplemental allegations concerning evasion by Hialeah and other U.S. importers of aluminum extrusions purchased from Kingtom in the Dominican Republic.

12. CBP acknowledged receipt of Ta Chen's supplemental allegations on October 9, 2019.

13. On October 31, 2019, CBP initiated consolidated case No. 7348 with regard to Hialeah and the other U.S. importers of aluminum extrusions that were the subject of allegations of evasion by Ta Chen.

14. On February 5, 2020, CBP issued the Notice of Initiation of Investigation and

Interim Measures to all parties to the investigation, notifying the parties of its decision to take interim measures based upon reasonable suspicion that the importers entered covered merchandise into the customs territory of the United States through evasion. The entries subject to the investigation were those entered for consumption, or withdrawn from a warehouse for consumption, from October 9, 2018, one year before receipt of the allegation, through the pendency of the investigation.

15. On February 19, 2020, CBP sent a request for information ("RFI") to Hialeah, Kingtom and other U.S. importers subject to EAPA Inv. 7348. Hialeah responded in full to CBP's request on March 20, 2020 and provided all of the information in its possession with respect to its business relations with Kingtom including details with regard to visits made by Hialeah to Kingtom and detailed information regarding Kingtom's production capacity information.

16. Kingtom and the other U.S. importers also submitted their RFI responses on March 13, 2020. In its response, Kingtom explained the production capacity of its equipment, daily extrusion production records for its extrusion machines, and listed all of its suppliers of raw materials and the materials they supplied. Kingtom also documented its production process from order acknowledgement through shipment. The other importers submitted their responses providing substantial information about their relationships with Kingtom.

17. On May 22, 2020, Hialeah and importer Global Aluminum Distributor, LLC made voluntary submissions of factual information establishing that there is no evidence to support Ta Chen International's allegation of trans-shipment.

18. On June 3, 2020, CBP issued a supplemental RFI to Kingtom, to which it timely responded on June 17, 2020. In its supplemental RFI response, Kingtom reported its theoretical production volumes based on the daily production records reported in its RFI response. Kingtom

also reported its monthly export and local sales information, and further described its production process.

19. On June 19, 2020 CBP issued a supplemental RFI to Hialeah to which it timely responded. In its supplemental RFI response, Hialeah presented detailed sales and import documentation concerning its purchases from Hialeah.

20. On September 30, 2020, Hialeah, in conjunction with the other importers, submitted legal argument to CBP.

21. On September 30, 2020, Kingtom submitted legal argument to CBP. CBP refused to consider such arguments and returned the legal arguments to Kingtom.

22. On November 2, 2020, CBP issued its initial determination of evasion, finding that Kingtom was able to produce aluminum extrusions in the Dominican Republic, but that Kingtom's failure to submit accurate information and cooperate to the best of its ability meant that CBP was unable to determine that Kingtom actually did produce all of the aluminum extrusions it sold. CBP therefore inferred that all merchandise imported to the United States by the Importers contained co-mingled Chinese- and Dominican Republic-origin aluminum extrusions.

23. On December 16, 2020, the U.S. importers, including Hialeah, submitted a Request for a *de novo* Administrative Review of the November 2, 2020 CBP determination.

24. On December 16, 2020 the foreign manufacturer, Kingtom submitted a request for a *de novo* administrative review of the November 2, 2020 CBP determination.

25. On December 17, 2020, CBP rejected and refused to consider Kingtom's request for an Administrative Review.

26. On March 18, 2021, CBP issued its determination in the *de novo* administrative review finding that "when looking at the totality of the circumstances regarding evidence of

Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record. There is more than a "mere scintilla" of evidence to support this finding of evasion." In making this determination, CBP expressly stated that it would not address the remaining arguments made by the importers.

## STATEMENT OF CLAIMS
## COUNT ONE

27. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

28. The EAPA statute and implementing regulations do not provide the affected parties the right to fully and actively participate in the proceedings and are unconstitutional and violate the 5th Amendment Due Process Clause.

## COUNT TWO

29. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

30. An interested party participating in an agency proceeding has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States,* 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)); *see also* U.S. Const. art. 5.

31. CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding."

*Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Dep't Homeland Sec. August 22, 2016).

32. The adverse inferences provision, as applied by CBP, deprives the investigated party of notice as to what information is missing and does not provide an opportunity to redress the missing information before a final determination is reached, violating the party's right to a meaningful and fair proceeding.

33. In its regulations governing how evasion claims will be investigated, CBP only considers the party filing the allegation and the accused importer(s) to be parties to the evasion investigation. 19 C.F.R. § 165.1. CBP's regulations foreclose other interested parties from fully participating in the proceedings and unlawfully narrow the scope of participation provided for under EAPA for "interested parties," as defined by 19 U.S.C. § 1517(a)(6).

34. The statute does not preclude CBP from accepting Kingtom's request for administrative review.  Because CBP denied Kingtom an adequate opportunity to participate, it also denied Hialeah's right to have all necessary information of record considered.

35. CBP's failure to allow producer to participate deprives plaintiff of the contribution of the party in possession of the information in the proceeding.

36. CBP's decision to not allow Kingtom to participate and submit information and argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706.

## **COUNT THREE**

37. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

38. At every stage of the evasion investigation, CBP refers to and relies upon

information submitted by the alleger and information gathered by CBP in the course of its investigation. CBP relied upon such information to support its finding of transshipment. Despite relying on such information, CBP never provided unredacted copies of such information to Hialeah.

39. CBP's administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Hialeah to raise its defenses and to heavily redact administrative record submissions is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

## COUNT FOUR

40. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

41. A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

42. The *March 18, 2021 Decision* that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record." is based on an explanation that runs contrary to record evidence before the agency and is arbitrary and capricious, and is in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. § 706.

## COUNT FIVE

43. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

44. CBP failed to follow its regulations in the conduct of this investigation including failing to place certain documents on the record, assisting alleger in refining their allegation without placing anything on the record, and conducting a site visit of Kingtom prior to initiating the EAPA investigation. Such site visit was without statutory or regulatory authority.

45. An investigation conducted without due regard for the regulations is unlawful and cannot be allowed to stand.

## COUNT SIX

46. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

47. CBP expressly stated that it would not consider certain arguments presented by the importers in the Administrative Review process, and to the extent that it did consider such issues, it barely addressed such issues.

48. CBP gave undue weight to evidence submitted by alleger and did not give proper weight to evidence provided by importers.

49. The failure to consider certain arguments presented by importers and the failure to give proper weight to the evidence submitted by all parties impermissibly tainted the results of the investigation and rendered the underlying determinations invalid.

## COUNT SEVEN

50. The allegations of paragraphs 1 through 26 are incorporated by reference and

restated as if fully set forth herein.

51. Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs Territory of the United States through evasion." A review of the full allegations, both public and confidential, demonstrates that CBP had no basis to initiate this investigation, that the evasion determination resulting from an improperly initiated investigation should be vacated, and the investigation should be terminated *ab initio*.

52. CBP's initiation determination was thus unsupported by reasonable evidence and was otherwise not in accordance with law.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one through seven of Plaintiff's Complaint;
2. Remanding this matter to U.S. Customs and Border Protection with instructions to terminate this investigation and order the liquidation of entries without the addition of antidumping and countervailing duties; and
3. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

*/s/ Lizbeth R. Levinson*

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell
Fox Rothschild LLP
1030 15th Street, NW Suite 380 East
Washington, DC 20005

Dated: April 29, 2021          llevinson@foxrothschild.com