Slip Op. 22-90

UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, | : | |
| Plaintiff, | : | |
| and | : | |
| HIALEAH ALUMINUM SUPPLY, INC., | : | |
| Consolidated Plaintiff, | : | Before: Richard K. Eaton, Judge |
| and | : | Consol. Court No. 21-00198 |
| KINGTOM ALUMINIO S.R.L., | : | |
| Plaintiff-Intervenor, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| TA CHEN INTERNATIONAL, INC., | : | |
| Defendant-Intervenor. | : | |

**MEMORANDUM AND ORDER**

[Joint motion for entry of judgment is granted.]

Dated: August 8, 2022

*David J. Craven*, Craven Trade Law LLC, of Chicago, IL, for Plaintiff Global Aluminum Distributor LLC.

*Lizbeth R. Levinson*, Fox Rothschild LLP, of Washington, D.C., for Consolidated Plaintiff Hialeah Aluminum Supply, Inc. With her on the brief were *Ronald M. Wisla* and *Brittney R. Powell*.

*Brady W. Mills*, Morris Manning & Martin LLP, of Washington, D.C., for Plaintiff-Intervenor Kingtom Aluminio S.r.L. With him on the brief were *Donald B. Cameron*, *Julie C. Mendoza*, *R. Will Planert*, *Mary S. Hodgins*, *Eugene Degnan*, *Edward J. Thomas, III*, *Jordan L. Fleischer*, and *Nicholas C. Duffey*.

*Alexander Vanderweide*, Senior Trial Counsel, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant the United States. With him on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, *Justin R. Miller*, Attorney-in-Charge, and *Aimee Lee*, Assistant Director. Of counsel on the brief were *Tamari J. Lagvilava* and *Chelsea Reyes*, Office of the Chief Counsel, U.S. Customs and Border Protection, of New York, N.Y.

*Jeremy W. Dutra*, Squire Patton Boggs (US) LLP, of Washington, D.C., for Defendant-Intervenor Ta Chen International, Inc.

Eaton, Judge: This matter is before the court following remand to U.S. Customs and Border Protection ("Customs") for reconsideration of its affirmative duty evasion determination, under the Enforce and Protect Act of 2015. *See* 19 U.S.C. § 1517 (2018); *see also* Remand Redetermination for Enforce and Protect Act Consolidated Case No. 7348 (June 13, 2022), ECF No. 93 ("Remand Redetermination").

Plaintiff Global Aluminum Distributor LLC ("Global Aluminum"), Consolidated Plaintiff Hialeah Aluminum Supply, Inc. ("Hialeah"), Plaintiff-Intervenor Kingtom Aluminio S.r.L. ("Kingtom"), and Defendant the United States ("Defendant") have filed a Joint Motion for Entry of Judgment, asking the court to sustain Customs' uncontested Remand Redetermination. *See* Jt. Mot. Entry J., ECF No. 95. Defendant-Intervenor Ta Chen International, Inc. ("Ta Chen") neither joins the motion, nor opposes it.

Jurisdiction lies under 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c) (2018). For the following reasons, the parties' joint motion is granted, and judgment will be entered in favor of Defendant.

Global Aluminum and Hialeah are U.S. importers of aluminum extrusions that are produced in the Dominican Republic by Kingtom. *See* Global Aluminum's Compl. ¶ 3, ECF No. 2; *see also* Hialeah's First Am. Compl. ¶ 4, ECF No. 17.

Ta Chen is a U.S. importer of aluminum extrusions from the People's Republic of China. Aluminum extrusions from the People's Republic of China have been subject to antidumping and countervailing duty orders since 2011. *See Aluminum Extrusions from the People's Republic of China*, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) (antidumping duty order); *Aluminum Extrusions From the People's Republic of China*, 76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) (countervailing duty order).

In August 2019, Ta Chen filed a petition with Customs alleging that Global Aluminum and Hialeah, among others, were transshipping Chinese aluminum extrusions by commingling them with aluminum extrusions that were produced in the Dominican Republic and falsely reporting the Chinese products to Customs as Dominican products to avoid paying duties owed under the orders. *See* Ta Chen's Suppl. Allegation (Aug. 22, 2019), ECF No. 33-2, PR 1-3.

In October 2019, Customs commenced an investigation and issued requests for information from, *inter alia*, Global Aluminum, Hialeah, and Kingtom. *See* Notice of Determination as to Evasion (Nov. 2, 2020), ECF No. 33-6, PR 286 & ECF No. 40-25, CR 463 ("Evasion Notice").

Under the statute, "[Customs] shall make a determination, based on substantial evidence, with respect to whether . . . covered merchandise was entered into the customs territory of the United States through evasion." 19 U.S.C. § 1517(c)(1)(A). "Covered merchandise" is defined as "merchandise that is subject to . . . an antidumping duty order issued under [19 U.S.C. § 1673e] . . . or . . . a countervailing duty order issued under [19 U.S.C. § 1671e]." *Id.* § 1517(a)(3)(A)-(B). "Evasion" means

>  entering covered merchandise into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.

*Id.* § 1517(a)(5)(A). When making its evasion determination, should Customs determine that the use of facts otherwise available is warranted, Customs may apply adverse inferences when selecting from among the facts available, "if a party or person described [in the statute] has failed to cooperate by not acting to the best of [its] ability to comply with a request for information."[1] *Id.* § 1517(c)(3)(A); *see also id.* § 1517(c)(2)(A).

In November 2021, Customs made a final affirmative determination of evasion in Enforce and Protect Act Consolidated Case Number 7348. Specifically, Customs found, based on adverse facts available, that Chinese aluminum extrusions were being transshipped to the United States through the Dominican Republic to avoid the payment of owed duties under the orders. *See* Evasion Notice at 17-18 (finding that there were deficiencies in foreign producer Kingtom's responses to Customs' requests for information, and that Kingtom did not cooperate with Customs' requests to the best of its ability).

As a result of the affirmative evasion determination, Global Aluminum's and Hialeah's imports became subject to antidumping and countervailing duties pursuant to the orders on Chinese aluminum extrusions. *See* Global Aluminum's Compl. ¶ 4; Hialeah's First Am. Compl. ¶ 5.

---

[1] Under its regulations, Customs "will obtain information from its own files, from other agencies of the United States Government, through questionnaires and correspondence, and through field work by its officials." 19 C.F.R. § 165.5(a) (2019). Customs' regulations further provide that if the alleger, importer, or foreign producer or exporter of the covered merchandise "fails to cooperate and comply to the best of its ability with a request for information made by [Customs], [Customs] may apply an inference adverse to the interests of that party in selecting from among the facts otherwise available to make the determination as to evasion." *Id.* § 165.6(a).

In April 2021, Global Aluminum and Hialeah each brought suit in this Court to challenge Customs' affirmative evasion determination, and the cases were consolidated.[2] In October 2021, Kingtom intervened in the case on the side of plaintiffs. *See Global Aluminum Distributor LLC v. United States*, No. 21-00198, 2021 WL 4691611 (CIT Oct. 7, 2021) (publication pending in the Federal Supplement). In February 2022, Global Aluminum, Hialeah, and Kingtom filed the opening briefs in support of their respective motions for judgment on the agency record. *See* Pls.' Mots. J. Agency R., ECF Nos. 80-85.

In April 2022, after considering the arguments in the opening briefs, Defendant filed a motion to suspend the briefing schedule and for voluntary remand so that Customs could reconsider its original affirmative evasion determination. *See* Mot. Voluntary Remand, ECF No. 91 (stating that Global Aluminum, Hialeah, and Kingtom consented; Ta Chen took no position). The court granted the motion. *See* Order (Apr. 15, 2022), ECF No. 92.

On remand, Customs reviewed the administrative record of this case de novo and ultimately reversed its original affirmative finding of evasion: "Based upon the documentation and information provided in the administrative record, we find that there is not substantial evidence to support a finding of evasion." *See* Remand Redetermination at 7. At the agency level, no party disputed Customs' analysis on remand. *See* Remand Redetermination at 2.

In June 2022, shortly after the Remand Redetermination was published, Global Aluminum, Hialeah, Kingtom, and Customs filed this Joint Motion for Entry of Judgment. Ta Chen did not file a response to the motion. By their motion, Global Aluminum, Hialeah, Kingtom, and Customs

---

[2] On May 17, 2021, the court consolidated *Hialeah Aluminum Supply, Inc. v. United States*, Court No. 21-00207 under the lead case, *Global Aluminum Distributor LLC v. United States*, Court No. 21-00198. *See* Order (May 17, 2021), ECF No. 15. *Hialeah* and *Global Aluminum* involve challenges to the same administrative decision.

ask the court to sustain the Remand Redetermination because there are no further issues in dispute: "As no party raised issues with the Draft Redetermination at the agency level and no party intends to oppose the [Remand] Redetermination, Judgment should be entered sustaining the [Remand] Redetermination in its entirety." *See* Jt. Mot. Entry J. at 2.

Since no party opposes the motion for entry of judgment or the Remand Redetermination, and because there are no further issues for the court to decide in this case, it is hereby

**ORDERED** that the Joint Motion for Entry of Judgment is granted; it is further

**ORDERED** that the Remand Redetermination is sustained as uncontested; and it is further

**ORDERED** that judgment in favor of Defendant will be entered accordingly.

                                                                /s/ Richard K. Eaton
                                                                               Judge

Dated: August 8, 2022
       New York, New York